David P. Johnson (13260); Email: djohnson@wnlaw.com
WORKMAN | NYDEGGER A PROFESSIONAL CORPORATION
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

David Donahue (*pro hac vice* forthcoming)
Jason D. Jones (*pro hac vice* forthcoming)
Jessica Vosgerchian (*pro hac vice* forthcoming)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
4 Times Square, Fl. 17
New York, New York 10036

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FATBOY THE ORIGINAL B.V. and FATBOY USA, LLC<br><br>Plaintiffs,<br>v.<br><br>TREVOR CHAPMAN D/B/A LDS MAN<br><br>Defendant. | Civil Action No.: 2:17-cv-00738<br><br>Honorable Jill N. Parrish<br><br>**COMPLAINT** |

Plaintiffs Fatboy the Original B.V. ("Fatboy") and Fatboy USA, LLC ("Fatboy USA" and, together with Fatboy, "Plaintiffs"), for their Complaint against Defendant Trevor Chapman d/b/a LDS Man ("Defendant"), allege as follows:

## SUBSTANCE OF THE ACTION

1. Fatboy is the owner of all rights worldwide in and relating to the wildly popular LAMZAC THE ORIGINAL inflatable lounger (the "LAMZAC Lounger"), including U.S. Patent Nos. D764,823 and D775,479 (the "LAMZAC Lounger Patents"). Fatboy USA has an exclusive license from Fatboy to distribute and promote the LAMZAC Lounger in the United

{F2296826.1 }

States.  All of the claims asserted herein arise out of and are based on Defendant's brazen and willful infringement of Plaintiffs' intellectual property rights not only in the LAMZAC Lounger Patents, but also in Plaintiffs' copyrights associated with marketing material for the LAMZAC Lounger.

2. Plaintiffs bring claims for design patent infringement under Section 271 of the U.S. Patent Act, 35 U.S.C. § 271, copyright infringement under Sections 106 and 501 of the U.S. Copyright Act of 1976, 17 U.S.C. §§ 106, 501, removal of copyright management information and use of false copyright management information in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202, unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and unfair competition under Utah Code Ann. § 13-5a-103.

3. Plaintiffs seek injunctive relief to stop Defendant's unlawful distribution and sale of his infringing product, as well as his unlawful use of the LAMZAC Lounger marketing material.  Plaintiffs also seek monetary relief in an amount sufficient to compensate for their loss, an accounting and award of Defendant's total profits flowing from his infringing activities, statutory damages under Section 1203 of the DMCA, prejudgment interest, costs and attorneys' fees, and all other relief the Court deems just and proper.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under Sections 1331, 1332, and 1338(a) and (b), of the Judicial Code, 28 U.S.C. §§ 1331, 1332, 1338(a) & (b).

5. This Court has personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(1)(A) and Utah Code Ann. § 78B-3-205 because Defendant resides in the State of Utah, and, upon information and belief, (i) regularly does and solicits business within the State of Utah; (ii) has engaged in the marketing, promotion, advertising and offering for sale of

his infringing products within the State of Utah, including via his interactive ecommerce website; and (iii) has committed torts in the State of Utah, namely the marketing, promotion, advertising, sale and/or offering for sale of his infringing product in Utah, in violation of Plaintiffs' rights.

6. Venue is proper under Section 1391(b) and 1400 of the Judicial Code, 28 U.S.C. §§ 1391(b), 1400, as Defendant resides and may be found in the District of Utah, and has committed acts of infringement and has a regular and established place of business within the District of Utah.

## THE PARTIES

7. Plaintiff Fatboy the Original B.V. is a limited liability company organized and existing under the laws of the Netherlands, having a place of business at De Steenbok 19 Den Bosch, 5215 MG Netherlands.

8. Plaintiff Fatboy USA, LLC is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business at 875 West Sandy Lake Road, #100, Coppell, TX 75019.

9. Upon information and belief, Defendant Trevor Chapman d/b/a LDS Man, is an individual residing in the State of Utah, who has a place of business at 385 N. Wright Brothers Drive, Unit #2, Salt Lake City, Utah 84116.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

I. THE LAMZAC LOUNGER PATENTS

A. **Plaintiffs' Design Patents in the LAMZAC Lounger**

10. Mr. Marijn Oomen, a resident of the Netherlands, is the designer of the LAMZAC Lounger.

11. Mr. Oomen has assigned to Fatboy all of his rights in the design of the LAMZAC Lounger, as well as his copyrights in all marketing materials for the LAMZAC Lounger.

12. The LAMZAC Lounger Patents each depict the design of a lounger. Profile views of the patented designs as they appear in the LAMZAC Lounger Patents are shown below:



U.S. Patent No. D764,823

U.S. Patent No. D775,479

13. Fatboy USA has an exclusive license from Fatboy to distribute and promote products embodying the LAMZAC Lounger Patents in the United States.

14. The LAMZAC Lounger Patents each claim a priority date of January 28, 2015, based on Fatboy's Registered European Community Design No. 002621904-0001.

**B. Plaintiffs' Copyrights in the LAMZAC Marketing Materials**

15. Mr. Oomen is the author of numerous photographs of and instructional videos showing the LAMZAC Lounger, which images and videos were subsequently used in connection with the advertisement, promotion, and sale of the LAMZAC Lounger.

{F2296826.1 }
4

16. Mr. Oomen created these works in the Netherlands. His copyrights in these LAMZAC Lounger marketing materials were assigned to Fatboy and Fatboy USA is the exclusive licensee of those copyrights.

## II.  DEFENDANT'S INFRINGING ACTIVITIES

17. On information and belief, Defendant has manufactured, advertised, offered for sale, sold, distributed, imported, and/or exported an inflatable lounger called the "The Hangout Bag" (the "Infringing Product"), with a design that is substantially the same as the designs depicted in the LAMZAC Lounger Patents. An example of the Infringing Product is shown below:



18. Upon information and belief, Defendant markets and sells his Infringing Product online at his website, http://www.ldsman.com.

19. In addition, without Plaintiffs' authorization, Defendant has displayed exact copies and digitally-altered versions of Plaintiffs' LAMZAC Lounger marketing material, an example of which is shown below:

| Fatboy Original Image | The Hangout Bag Copied Image |
|---|---|
|  |  |

(the "LAMZAC Marketing Image").

20. Upon information and belief, Defendant has used this image not only on his website but also in social media posts and Internet advertising. In addition, Defendant has posted exact copies of a LAMZAC Lounger instructional video ("LAMZAC Instructional Video" and, together with the LAMZAC Instructional Image, the "LAMZAC Marketing Materials") on his LDS Man YouTube channel, as well as on Internet advertisements for the Infringing Product. Through this conduct, Defendant has falsely represented that Plaintiffs' proprietary LAMZAC Marketing Materials are marketing material for (and constitute images of) Defendant's Infringing Product.

21. Upon information and belief, Defendant engaged and continues to engage in the above activities willfully, with the knowledge that the design of the Infringing Product is substantially same as the designs depicted in the LAMZAC Lounger Patents without authorization.

22. Defendant is not related to or affiliated with Plaintiffs in any way. Defendant has not received a license or authorization from Plaintiffs for any purpose whatsoever, including for the acts described herein.

23. Defendant's unauthorized acts as described herein have caused and will continue to cause irreparable damage to Plaintiffs and their business unless restrained by this Court.

<u>**FIRST CLAIM FOR RELIEF:**</u>
**DESIGN PATENT INFRINGEMENT**
**IN VIOLATION OF 35 U.S.C. § 271 (Patent No. D764,823)**

24. Plaintiffs repeat and incorporate by reference the foregoing allegations as if fully set forth herein.

25. Fatboy owns U.S. Patent No. D764,823, which issued on August 30, 2016. Fatboy USA has an exclusive license from Fatboy to distribute and promote products embodying the design set forth in U.S. Patent No. D764,823 in the United States.

26. U.S. Patent No. D764,823 is valid and subsisting.

27. Upon information and belief, Defendant, without authorization from Plaintiffs, has distributed, advertised, promoted, offered for sale and sold the Infringing Product, the design of which is substantially the same as the design set forth in U.S. Design Patent No. D764,823, and embodies the design protected by such patent.

28. Defendant's Infringing Product appropriates the novel ornamental features set forth in U.S. Patent No. D764,823 such that an ordinary observer familiar with the prior art designs, giving such attention as a purchaser usually gives, would find Plaintiffs' and Defendant's designs to be substantially the same and would be deceived into believing that the Infringing Product is the same as Fatboy's patented design.

29. By the foregoing acts, Defendant has directly infringed, infringed under the doctrine of equivalents, contributorily infringed, and/or induced infringement of, and continues to so infringe, U.S. Patent No. D764,823.

30. Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith, and with knowledge of Plaintiffs' rights.

31. Defendant's conduct violates Section 271 of the Patent Act, 35 U.S.C. § 271 and has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

32. Plaintiffs have complied with 35 U.S.C. § 287 to the extent it is applicable to them.

**SECOND CLAIM FOR RELIEF:**
**DESIGN PATENT INFRINGEMENT**
**IN VIOLATION OF 35 U.S.C. § 271 (Patent No. D775,479)**

33. Plaintiffs repeat and incorporate by reference the foregoing allegations as if fully set forth herein.

34. Fatboy owns U.S. Patent No. D775,479, which issued on January 3, 2017. Fatboy USA has an exclusive license from Fatboy to distribute and promote products embodying the design set forth in U.S. Patent No. D775,479 in the United States.

35. U.S. Patent No. D775,479 is valid and subsisting.

36. Upon information and belief, Defendant, without authorization from Plaintiffs, has distributed, advertised, promoted, offered for sale and sold the Infringing Product, the design of which is substantially the same as the design set forth in U.S. Design Patent No. D775,479 and embodies the design protected by such patent.

37. Defendant's Infringing Product appropriates the novel ornamental features set forth in U.S. Patent No. D775,479 such that an ordinary observer familiar with the prior art designs, giving such attention as a purchaser usually gives, would find Plaintiffs' and Defendant's designs to be substantially the same and would be deceived into believing that the Infringing Product is the same as Fatboy's patented design.

38. By the foregoing acts, Defendant has directly infringed, infringed under the doctrine of equivalents, contributorily infringed, and/or induced infringement of, and continues to so infringe, U.S. Patent No. D775,479.

39. Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith, and with knowledge of Plaintiffs' rights.

40. Defendant's conduct violates Section 271 of the Patent Act, 35 U.S.C. § 271 and has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

41. Plaintiffs have complied with 35 U.S.C. § 287 to the extent it is applicable to them.

### THIRD CLAIM FOR RELIEF:
### COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. § 501

42. Plaintiffs repeat and incorporate by reference the foregoing allegations as if fully set forth herein.

43. The LAMZAC Marketing Materials are original and creative works of visual art that were authored in the Netherlands and are protected under U.S. Copyright Law. Fatboy is the owner by assignment of all rights under U.S. copyright in the LAMZAC Marketing Materials and Fatboy USA is the exclusive licensee of all such rights.

44. Defendant, without Plaintiffs' authorization or consent, has advertised, reproduced, and/or displayed the LAMZAC Marketing Materials on Defendant's website, on social media, on YouTube, and on Internet advertising.

45. Defendant had access to the LAMZAC Marketing Materials.

46. Defendant has violated and, upon information and belief, continues to violate, Plaintiffs' exclusive rights in the LAMZAC Marketing Materials under Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

47. Defendant's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

48. Defendant's infringement of Plaintiffs' exclusive rights in the LAMZAC Marketing Materials has caused Plaintiffs damage, and has enabled Defendant to profit illegally therefrom.

49. Defendant's copyright infringement has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss and injury, for which Plaintiffs have no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF:
### VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT, 17 U.S.C. § 1202

50. Plaintiffs repeat and incorporate by reference the foregoing allegations as if fully set forth herein.

51. Defendant has intentionally removed copyright management information ("CMI")—namely, FATBOY and LAMZAC—from the LAMZAC Marketing Materials.

52. Upon information and belief, Defendant removed CMI to facilitate or conceal the infringement of Plaintiffs' copyrights in the LAMZAC Marketing Materials.

53. Defendant has violated and, upon information and belief, continues to violate, the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202.

54. Defendant's aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

55. Defendant's violation of the DMCA has caused Plaintiffs damage, and has enabled Defendant to profit illegally therefrom.

56. Defendant's infringement has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss and injury, for which Plaintiffs have no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF:**
**UNFAIR COMPETITION**
**IN VIOLATION OF 15 U.S.C. § 1125(a)**

57. Plaintiffs repeat and incorporate herein by reference the foregoing allegations contained in paragraphs 1-56.

58. Defendant has engaged in bait-and-switch advertising by using the LAMZAC Marketing Materials, which depict the LAMZAC Lounger, to promote sales, and then delivering to purchasers Infringing Products instead of genuine LAMZAC Loungers.

59. Defendant's conduct constitutes a false designation of origin, false or misleading description of fact, and false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of the Infringing Product.

60. As a result of the foregoing, Defendant has engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

61. Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

62. Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF:
## COMMON LAW UNFAIR COMPETITION UNDER UTAH CODE ANN. § 13-5A-103

63. Plaintiffs repeat and incorporate herein by reference the foregoing allegations contained in paragraphs 1-62.

64. Defendant's aforesaid conduct, including his intentional, unethical, and false representation that Plaintiffs' proprietary LAMZAC Marketing Materials constitute images of Defendant's Infringing Product when in fact they do not, constitutes intentional business acts or practices that are unlawful and unfair, constitute infringement of a patent, and have led to a material diminution in the value of Plaintiffs' intellectual property. As such, Defendant's conduct constitutes common law unfair competition with Plaintiffs under Utah Code Ann. § 13-5a-103.

65. Defendant's aforesaid conduct of common law unfair competition has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

1. Permanently enjoining and restraining Defendant, his agents, servants, employees, successors, and assigns and all those in active concert or participation with him, from:

    (a) infringing or inducing infringement of the LAMZAC Lounger Patents; or

  (b)  infringing the LAMZAC Marketing Image and LAMZAC Instructional Video, including, without limitation, by reproducing, distributing, displaying, advertising, promoting, offering for sale, selling, importing or exporting any works copied or derived from the LAMZAC Marketing Materials;

  (c)  removing or altering any CMI from, or providing or distributing any false CMI in connection with, the LAMZAC Marketing Materials;

  (d)  assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) – (c) above.

  2.  Directing that Defendant turn over to Plaintiffs for impoundment and eventual destruction, without compensation to Defendant, all materials in his possession or control that violate the provisions of paragraph 1(a) above, along with all articles by means of which such unauthorized copies may be reproduced.

  3.  Directing that Defendant, at his own expense, recall from any distributors, retailers, vendors, or others to whom he has distributed materials that violate the provisions of paragraph 1(a) above, and that Defendant deliver up to Plaintiffs for destruction all materials returned to him.

  4.  Directing that Defendant file with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which he has complied with the permanent injunction.

  5.  Awarding Plaintiffs all damages sustained as a result of Defendant's conduct described above pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. § 504(a), 35 U.S.C. § 284, and Utah Code Ann. § 13-5a-103, and that such sums be trebled pursuant to 15 U.S.C. § 1117(a) and 35 U.S.C. § 284.

6. Awarding Plaintiffs the total profits realized by Defendant from his conduct described above pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. § 504(a), and 35 U.S.C. § 289.

7. If Plaintiffs so elect and as the Court considers just, awarding Plaintiffs statutory damages of up to $25,000 per violation of the DMCA pursuant to 17 U.S.C. § 1203(c)(3)(B).

8. Granting Plaintiffs punitive damages pursuant to Utah Code Ann. § 13-5a-103(1)(b).

9. Granting Plaintiffs their full costs, including, as part of such costs, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. § 1203(b)(4)-(5), 35 U.S.C. § 285, and Utah Code Ann. § 13-5a-103(1)(b)(ii).

10. Granting Plaintiffs both pre-judgment and post-judgment interest on each and every monetary award.

11. Granting Plaintiffs such other and further relief as the Court may consider equitable, just and proper.

WORKMAN NYDEGGER

Dated: July 3, 2017    By:  */s/ David P. Johnson*
David P. Johnson (USB No. 13260)
Email: djohnson@wnlaw.com
WORKMAN | NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

David Donahue (*pro hac vice* forthcoming)
Jason D. Jones (*pro hac vice* forthcoming)
Jessica Vosgerchian (*pro hac vice* forthcoming)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
4 Times Square, Fl. 17
New York, New York 10036

*Attorneys for Plaintiffs*